1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUGENE DARREL RUTLEDGE,                    )
                                           )
                 Plaintiff(s),             )        No. C 09-4228 CRB (PR)
                                           )
        vs.                                )        ORDER OF DISMISSAL
                                           )
COUNTY OF ALAMEDA, et al.,                 )        (Doc # 3)
                                           )
                 Defendant(s).             )
                                           )

        Plaintiff, a prisoner at High Desert State Prison, has filed a pro se civil

rights complaint under 42 U.S.C. § 1983 seeking damages for allegedly unlawful

arrest, prosecution and conviction.  He also seeks appointment of counsel.

**DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2    elements: (1) that a right secured by the Constitution or laws of the United States

3    was violated, and (2) that the alleged violation was committed by a person acting

4    under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

5    B.    Legal Claims

6    In order to recover damages for allegedly unconstitutional conviction or

7    imprisonment, or for other harm caused by actions whose unlawfulness would

8    render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

9    conviction or sentence has been reversed on direct appeal, expunged by executive

10   order, declared invalid by a state tribunal authorized to make such determination,

11   or called into question by a federal court's issuance of a writ of habeas corpus.

12   Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing

13   that relationship to a conviction or sentence that has not been so invalidated is not

14   cognizable under § 1983.  Id. at 487.

15   When a state prisoner seeks damages in a § 1983 suit, the district court

16   must therefore consider whether a judgment in favor of the plaintiff would

17   necessarily imply the invalidity of his conviction or sentence; if it would, the

18   complaint must be dismissed unless the plaintiff can demonstrate that the

19   conviction or sentence has already been invalidated.  See id.  A judgment in favor

20   of the plaintiff here would imply the invalidity of a state conviction and sentence

21   which have not already been invalidated.  See Guerrero v. Gates, 442 F.3d 697,

22   703 (9th Cir. 2006) (Heck generally bars claims challenging validity of arrest,

23   prosecution and/or conviction).  The instant allegations therefore fail to state a

24   cognizable claim under § 1983 and must be DISMISSED without prejudice.  See

25   Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49

26

27

28                                              2

1   F.3d 583, 585 (9th Cir. 1995). [1]

2                              **CONCLUSION**

3          For the foregoing reasons, the complaint is DISMISSED for failure to

4   state a claim under the authority of 28 U.S.C. § 1915A(b).  The dismissal is

5   without prejudice to reasserting the claims in a new complaint if a cause of

6   actions later accrues.

7          The clerk shall enter judgment in accordance with this order, terminate all

8   pending motions as moot (see doc # 3) and close the file.

9   SO ORDERED.

10  DATED:  Oct. 9, 2009        _____
                                    CHARLES R BREYER
11                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23  G:\PRO-SE\CRB\CR.09\Rutledge, E2.dismissal.wpd

24

25          [1]And to whatever extent plaintiff seeks to challenge either the fact or
    duration of his confinement, his sole remedy is to file a petition for writ of habeas
26  corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  See
    Calderon v. Ashmus, 523 U.S. 740, 747 (1998).  Any such claim therefore is
27  dismissed without prejudice.  See Trimble, 49 F.3d at 586.

28                                       3